G. W. JOHNSON, doing business as GLENWOOD OIL COMPANY,

*Plaintiff in Error,*

vs.

MATTIE A. McDONALD, ANNIE LAURIE DAN-AHER, MADALIN McDONALD, GEORGE D. Mc-DONALD, Junior, BETTY K. McDONALD,

*Defendants in Error*

(No. 2644; December 28th, 1954; 278 Pac. (2d) 268)

For the plaintiff in error the cause was submitted on the brief of Mahoney & Wilkerson and W. A. Cole all of Casper, Wyoming, and oral argument by Mr. Ernest Wilkerson.

For the defendants in error the cause was submitted on the brief and also oral argument, of T. C. Daniels of Douglas, Wyoming.

## OPINION

BLUME, Chief Justice.

In this case the plaintiffs, defendants in error herein, hereinafter called plaintiffs, brought an action against the defendant, plaintiff in error hereinafter called defendant, alleging that on December 1, 1949, the defen-

dant, in consideration of certain matters, which need not be set out, agreed to drill, on or before March 1, 1951, an oil well on a certain area in the town of Glenrock, and agreed to put a check for $500 in escrow which was to be delivered to one of the plaintiffs in case the defendant failed to drill the well as agreed. Defendant failed to drill the well as agreed and stopped payment on the check. Judgment for $500 was accordingly demanded.

The defendant answered alleging in substance that pursuant to an ordinance of the town of Glenrock only one well could be drilled in the area designated in the agreement of the parties; that another person drilled a well in that area; that this prevented defendant from drilling another well and that he was refused a permit to do so which was required as a requisite to drilling.

In reply, the plaintiffs attacked the constitutionality of the ordinance, and further alleged that the oil well drilled by another party proved to be unproductive; and that thereafter the defendant had ample time to drill the well undertaken by him to be drilled and that he failed to do so.

On March 22, 1952, the parties filed in the court a stipulation of facts. On April 28, 1953, the case came on for trial, and on August 11, 1953, the court rendered judgment, filed August 18, 1953, which, leaving out the caption of the case and the signature, is as follows:

"The above matter came on regularly for trial in this Court on the 28th day of April, 1953, Plaintiffs being present and represented by their counsel, T. C. Daniels, and the Defendant being present and represented by his counsel, Ernest Wilkerson, the cause being submitted upon the stipulation of facts in writing between the parties, the oral stipulation made at the trial and the evidence offered by the

Plaintiffs, and the Court having heard the arguments of counsel and being duly advised in the premises,

"FINDS generally for the Plaintiffs and against the Defendant and that judgment should be entered in accordance with the prayer of the Plaintiffs' petition, and that the so-called Glenrock Ordinance is constitutional,

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiffs do have and recover of and from the Defendant herein the sum of $500.00, together with their costs to be assessed by the Clerk in the amount of $3.15;

"To all of the foregoing the Defendant takes exception and the Plaintiffs takes exception to the Court's finding that 'the so-called Glenrock Ordinance is constitutional' and due exceptions are allowed to the respective parties.

"DONE IN OPEN COURT THIS 11th day of August, A. D. 1953."

Defendant filed a notice of appeal but failed to file a record, abandoned his direct appeal, and on February 17, 1954, filed in this court his petition in error, alleging that the judgment of the court upon stipulated facts is contrary to law and contrary to the facts. No motion for a new trial was filed herein nor have we any bill of exceptions before us.

Counsel for the plaintiffs herein contends that in order that this court might review the judgment of the trial court, defendant should have filed a motion for a new trial, and should have a bill of exceptions embodying the facts stipulated by the parties. Counsel for the defendant on the other hand claim that the case is brought here on the record proper, and that the stip-

ulated facts are a part thereof, and that accordingly neither a motion for a new trial nor a bill of exceptions was necessary. We shall confine ourselves in this case to the point as to the necessity of a bill of exceptions herein.

It is stated in 4 C.J.S. 1205, § 729, that: "In an ordinary civil action the record proper consists of the process, with the return thereon, the pleadings, orders, and the verdict, if tried by a jury, or the decisions, if tried by the court, and the judgment * * *." That closely conforms to our statute, § 3-3611 Wyoming Compiled Statutes, 1945, which provides: "The records shall be made up from the petition, the process, the return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court; * * *." It is quite clear that an agreed statement of facts does not come within the definitions here stated. And the general rule, 4 C.J.S. 1222, 1223, is that such agreed statement "is not part of the record proper and can be brought up on appeal only by bill of exceptions, especially when the statement is merely a recital of testimony or evidential facts; and this is true, although it is in writing signed by counsel of all parties and filed, and even though a copy of it is attached to the transcript of the record. Thus an agreed statement of the evidence cannot be considered on appeal, where no reference is made to it in the record, and it is apparent that it was made up after the decision of the case in the trial court. The reason of the rule is that agreed statements of facts are mere matters of evidence. Stipulations of facts cannot be embodied in the record by mere recitals in the transcript or brief, nor by a mere reference to it in the bill of exceptions or judgment, nor by merely attaching it to a petition in error." That is the rule in Ohio from which state our proceedings in error were taken. The

court in Goyert & Vogel v. Eicher, 70 Ohio St. 30, 70 N.E. 508, construed a statute like our Section 3-3305, Wyoming Compiled Statutes 1945, providing that when the decision is not entered of record or the grounds of the objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing. The court held that under that section an agreed statement of facts (not embodied in the judgment of the court) must embody such agreed statement of facts in a bill of exceptions.

The case at bar comes, we think, within the reason of the rule laid down in the case of In re Utah-Idaho Sugar Co., 57 Wyo. 425, 120 P. 2d. 601, 609. In that case it was held that an agreed statement of facts is not in the record before this court unless contained in the transcript required by Section 89-4905, W.R.S. 1931 (Section 3-5405, W.C.S. 1945). Such a transcript on direct appeal merely takes the place, as stated in the opinion, of a bill of exceptions in a proceeding in error and it is not perceived why the rule should not be applicable in the one case as well as in the other. In fact the main authorities cited in the foregoing cases were those relating to a bill of exceptions, including cases from Ohio and Nebraska. We do not think, in view of the almost universal practice in such cases, that we are called upon to overrule what is said in the foregoing case.

Had the judgment in this case contained the agreed statement of facts, then it would have been a part of the record proper. But, as noted, it did not do so. There

is nothing in the record proper for us to determine as to whether or not the judgment is contrary to law or the evidence. We do not, accordingly, have the merits of the case before us for review, and the petition in error must be and is dismissed.

*Dismissed.*

RINER, J. AND HARNSBERGER, J., concur.